Dear Justice Johnson:
This office is in receipt of your request for an opinion of the Attorney General in regard to membership on the Board of Directors on the State Justice Institute. You indicate the State Justice Institute Board consists of eleven members appointed by the President with consent of the Senate. Six (6) of the Directors must be judges, and the Conference of Chief Justices is responsible for submitting to the President three (3) nominees for each court position on the Board of Directors. You have been told that your name has been submitted to the President for one of the positions on the Board of Directors, and you have been directed to obtain an opinion from the Attorney General for Louisiana if there are any state laws which would prohibit you from serving.
We find that the State Justice Institute is established as a private nonprofit corporation in accordance with 42 U.S.C. § 10702 to direct a national program of assistance designed to assure each person ready access to a fair and effective system of justice, foster coordination and cooperation with the Federal judiciary in areas of mutual concern, promote recognition of the importance of the separation of powers doctrine, and encourage education for judges and support personnel of State court systems. The members of the Board serve without compensation except for reimbursement of actual expenses for a three year term, and are not consideredofficers or employees of the United States under 42 U.S.C. § 10703. The Board's responsibilities include establishing policies, funding priorities, rules and regulations, and is required to award grants and enter into cooperative agreements and contracts on behalf of the Institute.
Pertinent to your inquiry are the state laws relative to the prohibitions of dual officeholding for a person holding an elective office in state government. We find LSA-R.S. 42:63
provides in Paragraph A that no person holding an elective office in any of the branches of state government shall at the same time hold, "another elective office, appointive office, or employment in the government of a foreign country, in the government of the United States, or in the government of another state." In Paragraph B, a person holding office in one branch of state government is prohibited from holding at the same time another office or employment in any other branch of "state government", and in Paragraph F, no person holding elective office in any branch of state government shall contract on full-time basis to provide health or health-related service for any agency of state government.
We do not find that any of these prohibitions relative to an elected state office would prevent you from also serving on the Board of Directors for the State Justice Institute.
Being a member of the Board would not constitute employment in the government of the United States or another branch of state government, and the prohibition in regard to contracts to provide health services has no application. However, more importantly, we do not find that a member of the Board of Directors for the State Justice Institute can be considered a prohibited "appointive office" in the government of the United States when the intent of the legislature is considered as reflected by the dual officeholding law when read as a whole.
We feel the intent of the dual officeholding statutes was not meant to extend to a part-time and uncompensated appointed position that is established with the intent of securing cooperation between the state and federal government. We find justification for this conclusion in the reasoning of Attorney General Opinion No. 90-379A, which found there was no prohibition in an elected City Court judge holding the part-time position as Chitimacha Indian Tribal Magistrate by appointment by the Chitimacha Indian Tribal Council. It was reasoned that as a matter of public policy, intergovernmental cooperation between the State and the governing bodies of federally recognized Indian Tribes located within the State is to be encouraged, and it was not the intent of the legislature when it enacted the dual officeholding law that it apply to part-time judicial positions existing within the governmental structure of a recognized Indian Tribe. Also, it was recognized while the purpose of the dual officeholding law was to instill a high level of confidence to prohibit public jobs with duties that conflict, it appeared there was no conflict between the duties and interest of the City Court Judge and Tribal Magistrate.
In the instant situation we also do not find a conflict in duties, and do find a policy of intergovernmental cooperation insofar as the purpose of the Institute includes encouragement of cooperation with the Federal judiciary in areas of mutual concern, to assure each person ready access to a fair and effective system of justice, and to educate state judges and personnel. Like the conclusion in Attorney General Opinion No. 90-379A, it is the opinion of this office that it was not the intent of the legislature when it enacted the Dual Officeholding Law that this law apply to a part-time uncompensated position by appointment to a Board by the President seeking cooperation between the state and federal judiciary.
Therefore, we find no state law which would prohibit you from serving on the Board of Directors for the State Justice Institute.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI:BBR:glb